IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BURNICE WILSON, #1119054 | § | |
| VS. | § | CIVIL ACTION NO. 6:11cv245 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Burnice Wilson, a legally blind inmate previously confined at the Michael Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered lawsuit pursuant to Title II of the Americans with Diabilities Act, 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 700, *et. seq.*, against the Texas Department of Criminal Justice, the University of Texas - Medical Branch, the Windham School District and the Texas State Library. The lawsuit was referred to United States Magistrate Judge Judith K. Guthrie, who concluded that the Defendants' motion for summary judgment should be granted. Wilson has filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Wilson to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Wilson's objections are without merit.

Wilson sought declaratory and injunctive relief with respect to the accommodations that were being afforded to him at the Michael Unit in light of his disability. Magistrate Judge Guthrie found that the Defendants had provided Wilson with reasonable accommodations to achieve program and service accessibility. Moreover, in light of the accommodations, he had not been excluded from participation in or been denied the benefit of services, programs or activities. The Court finds that Wilson's objections as to these findings lack merit, therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

The Court further notes that the primary prison unit for blind inmates is the Estelle Unit in Huntsville, Texas. Wilson acknowledged that he had better access to programs for blind inmates at the Estelle Unit, but he was transferred at his request to the Michael Unit in order to participate in Native American religious programming. At the time the lawsuit was filed, the Estelle Unit was not one of the units that provided Native American religious programming. The Estelle Unit subsequently added Native American religious programming, thus Wilson was transferred back to the Estelle Unit on or about July 30, 2012. Since Wilson sought only injunctive and declaratory relief with respect to the accommodations provided to him at the Michael Unit, his lawsuit became moot upon his transfer to the Estelle Unit. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991). To the extent that he may have complaints about conditions at the Estelle Unit, such claims should be brought in the Southern District of Texas, Houston Division. It is accordingly

**ORDERED** that the Report and Recommendation (docket entry #102) is **ADOPTED**. It is further

**ORDERED** that Defendants' motion for summary judgment (docket entry #84) is **GRANTED**.  It is further

**ORDERED** that the complaint is **DISMISSED** with prejudice.  It is further

**ORDERED** that Wilson's motion to exceed page limit (docket entry #106) with respect to his objections is **GRANTED**.  It is finally

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**So ORDERED and SIGNED this 18th day of September, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**